**In re Wilson and Myda GAOIRAN, Debtors.**

**Bankruptcy No. 88–00407.**

United States Bankruptcy Court, D. Hawaii.

March 19, 1990.

---

No appearances on behalf of debtor.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW RE: ORDER TO SHOW CAUSE

JON J. CHINEN, Bankruptcy Judge.

On March 8, 1990, an Order to Show Cause hearing was held to determine whether the Chapter 7 petition filed by Wilson D. Gaoiran and Myda M. Gaoiran ("Debtors") should be dismissed for abusive filing. Present at the hearing were Gayle Lau, Esq., Assistant U.S. Trustee and Richard Kennedy, the Trustee. Neither Debtors nor their attorney appeared. Following a review of the records in the file, the Court dismissed the case for abusive filing based on the findings of fact and conclusions of law hereinafter set forth.

### FINDINGS OF FACT

The Debtors filed their voluntary petition on June 17, 1988. Because the Debtors were not present at the meeting of creditors scheduled for August 3, 1988, the meeting was continued at the request of Debtors' counsel to September 9, 1988. On September 9, 1988, the Debtors again were not present and the meeting was continued until October 5, 1988. Because neither Debtors nor their counsel appeared at the meeting of creditors scheduled for October 5, the meeting was continued until moved on and the Court directed the issuance of an Order to Show Cause. However, before the Order to Show Cause was issued, counsel for Debtors informed the Court that Debtors, who are in the military, were planning to be in Honolulu in November. Thus, no Order to Show Cause was issued and the meeting of creditors was scheduled for November 17, 1988.

At the meeting of creditors held on November 17, 1988, the Debtors stated that they will amend their Schedules and the monthly Income and Expense Statement. An Amended Petition was filed on June 19, 1989, together with a Current Income and Expense Statment.

Upon review of the most current monthly income and expense statement, the Court noticed that several items were not clear. By letter to counsel for Debtors, the court inquired about the $308.00 per month payment under item (e) and the $341.00 per month payment under item (p). By letter dated August 24, 1989, counsel for Debtors explained that the $341.00 per month payment was for payment on an automobile loan and the $308.00 per month was to pay for a $25,000.00 insurance policy to cover the wife's parent's funeral expenses.

The Court then wrote to Debtors' counsel on September 15, 1989 and pointed out that the $341.00 automobile payment was deducted twice because the amount of $341.00 was deducted from the payroll as shown in item (c) and also in item "p". The Court also pointed out that $25,000.00 for insurance to cover the wife's parents' funeral expenses was excessive, that $10,000.00 was adequate. The Court pointed out that, if Debtors adjusted their budget all creditors could be paid a substantial amount of their debts within 36 months and directed counsel to consult with Debtors on converting to Chapter 13. Since no answer has been received, the Court issued the Order to Show Cause.

Debtors' Amended Schedules show $70,-716.41 in secured claims and $3,926.00 in unsecured claims for a total of $74,642.41. Debtors show gross income of $3,375.51. After deductions for taxes and other allotments, the take home pay is $2,072.81. The deductions includes $308.00 for their parents' insurance with a policy of $25,-000.00 for funeral expenses.

Debtors' monthly expenses total $1556.00 as filed by Debtors and their income and expense statement shows a monthly excess of $516.81.

To the extent that these Findings of Fact constitute Conclusions of Law, they shall be so deemed.

### CONCLUSIONS OF LAW

The Court finds that, the sum of $341.00 in item p for automobile payment is a double deduction and the sum of $308.00 for $25,000.00 funeral expenses in item (e) is excessive. The Court feels $10,000.00 is adequate. The Court is of the opinion that this so-called "insurance" is a savings-in-disguise.

Should the $341.00 and one-half of $308.00 or $154.00 be added to $516.81, there is an excess of over $1000.00 per month that can be applied towards a Chapter 13 plan. That means the unsecured creditors will be receiving close to 45% of their claims.

Since the Debtors are able to pay a substantial amount of their debt with their future income, granting a discharge will be an abuse of the Bankruptcy Code. *In re Kelly*, 841 F.2d 908 (9th Cir.1988).

To the extent that these Conclusions of Law constitute Findings of Fact, they shall be so deemed. An Order of Dismissal will be issued forthwith.